**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| **In Re CAROL LINDA DILLE,** )<br>Debtor. ) | **Case No. 18-42994-drd7** |
| **VICTOR WEBER, TRUSTEE** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**GENTRY ROOFING, LLC** )<br>)<br>and )<br>)<br>**THE GREEN PEOPLE, LTD.** )<br>)<br>And )<br>)<br>**DILLE FAMILY REVOCABLE TRUST** )<br>**DATED October 30, 2008** )<br>)<br>and )<br>)<br>**GERALD SANDERS** )<br>)<br>and )<br>)<br>**ALLIANCE OF DIVINE LOVE** )<br>**CHAPEL 1202** )<br>)<br>and )<br>)<br>**SASHA INVESTMENTS, LLC,** )<br>)<br>and )<br>)<br>**CHRIS DILLE** )<br>Defendants. ) | **Adv. Proc. 20-04065-drd** |

**GERALD SANDERS' ANSWER TO TRUSTEES'**
**COMPLAINT AND COUNTERCLAIM FOR DAMAGES**

1

COMES NOW Gerald Sanders ("Sanders"), by and through his attorneys of record, and for his answer to Victor Weber, Trustee ("Trustee"), Complaint to Avoid and Recover Fraudulent Transfers, Preferential Transfers, and for Declaratory Judgments and to Determine the Extent, Validity, and Priority of Liens and Interests in the Property of the Estate and for his Counterclaim, states as follows:

### PRELIMINARY STATEMENT

From 1988 to January 4, 2018, Sanders was married to the Debtor Carol Linda Dille ("Dille") when he was granted a decree of divorce in the Superior Court of Guam after finding out that she was stealing his social security benefits. Because of Dille's cruelty towards him during their marriage, Sanders separated from Dille in 2009 and moved to Bali, Indonesia in order to get away from Dille. Before Sanders was married to Dille he owned two properties – 206 East 66th Street, Kansas City, Missouri 64113 ("206 E. 66th St.") and 2417 Graham Avenue, Redondo Beach, California 90278 ("Redondo Beach house"). When Sanders filed for divorce from Dille in September 2017, he still believed he owned both 206 E. 66th St. and the Redondo Beach house. It was not until recently that Sanders learned that he no longer owned these two properties and that Dille forged a power of attorney here in Kansas City that she used to sell the Redondo Beach house and she sold that house and received approximately $382,871.40 that she used to purchase a house and multiple lots at 781 NW 1621st Road, Bates City, Missouri 64011 as well as redeem 4937 Westwood Road, Kansas City, Missouri 64112, both of which Sanders now has an interest in through a constructive trust. Sanders asserts Counterclaims against the Trustee because Sanders has a priority interest in the Estate's Property as well as still owns 206 E. 66th St.

1. Sanders admits the allegations contained in paragraphs 1, 5, 9-11, 12-15, 18, 21-25, 28-39, 143-165, 169, and 186-190.

2. Sanders is without sufficient information to admit or deny the allegations contained in paragraphs 2-4, 6-8, 16, 17, and 172-184.

*3.* Sanders denies the allegations contained in paragraphs 26, 27, 166-168, and 170. Further answering and with respect to paragraph 170, Sanders states that he jointly owns Green People, Ltd. with Dille and Sanders has a 100% beneficial interest in Green People, Ltd.

4. By way of response to paragraphs 40, 51, 55, 74, 91, 95, 112, 125, 131, 142, and 171, Sanders restates and realleges his responses to paragraphs 1-170 above as though fully set out herein.

5. Paragraphs 41-50, 52-54, 56-73, 75-90, 92-94, 96-111, 113-124, 126-130, and 132-141 of Trustee's Complaint does not state a cause of action against Sanders, and it is therefore not required to answer the allegations. To the extent a response is required, however, Sanders is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations. Further answering, Sanders asserts he was married to Dille at this time. Further answering, and with regard to paragraphs 132-141, Sanders states that the Green People Ltd. was one half owned by Sanders or martial property of both Dille and Sanders, and that because Dille has defrauded Sanders and caused vast damages, Dille should be the sole beneficial owner of the Green People and all its Property.

WHEREFORE, Gerald Sanders having answered Trustee's Complaint, respectfully requests that this Court enter judgment in his favor and that he is entitled to 206 East 66th Street, Kansas City, Missouri 64113 and a constructive trust over Lot 117 in Oakshire, 3rd plat as shown by the plat filed in Plat Book 11, at Pages 46-49 in Johnson County, Missouri; 781 NW 1621st Street, Bates City, Missouri 64011 and for other and further relief as the Court deems just, proper, and equitable.

## GERALD A. SANDERS' COUNTERCLAIM AND CROSSCLAIM

Sanders, through counsel, brings his counterclaim against Victor F. Weber, as Trustee for the Bankruptcy Estate of Carol Linda Dille ("Trustee") and crossclaim against Sasha Investments, LLC, for the relief requested herein.

## PARTIES

1.      Sanders is a citizen of the United States of America, and an individual who resides in Guam, an unincorporated territory subject to the laws of the United States of America under 28 U.S.C. §1738.

2.      Counterclaim Defendant Victor F. Weber, is the court-appointed Trustee for the Bankruptcy Estate of Carol Linda Dille ("Trustee"), and is a party hereto in his capacity of Defendant Carol Linda Dille's bankruptcy estate ("the Estate").

3.      Crossclaim Defendant Sasha Investments of Florida, a/k/a Sasha Investments, LLC, is a limited liability company organized and existing under the laws of the State of Missouri.

## JURISDICTION

4.      Sanders brings this adversary-proceeding pursuant to 11 U.S.C. §7001(1), §7001(2), §7001(8) and §7001(9) and the Federal Rules of Bankruptcy Procedure.

5.      This Court has jurisdiction over a bankruptcy adversary proceeding brought in accord with 28 U.S.C. §157, and 28 U.S.C. §1334€.

6.      This counterclaim and counterclaim constitutes a core proceeding pursuant to 28 U.S.C. §157(b)(2) because core proceedings include conflicts about whether any real or personal property is a part of the Estate, whether or not to allow a claim or exemption against Estate property, the dischargeable of liabilities, other disputes affecting Estate asset liquidation or the adjustment of Dille's relationship and liability to a creditor of other equity security holder.

4

7. The counterclaim and crossclaim also constitutes a core proceeding under 11 U.S.C. §3012 to determine whether Sanders' claims have first priority because all arise out of Defendant Dille's theft of Sanders' property and house-sale proceeds from property not hers. Sanders' ownership rights to all of the properties Dille claims are hers supersede her claim of exemption of the real property located at 4937 Westwood Road, Kansas City, Missouri as her homestead under 11 U.S.C. § Rule 4003(d).

**RELEVANT FACTUAL ALLEGATIONS**

*Marriage and Divorce*

8. Sanders and Dille married on November 26, 1988, and separated in November, 2009.

9. When Sanders and Dille separated in 2009, Sanders moved to Bali, Indonesia and Dille remained in Kansas City, Missouri.

10. In 2016, Sanders moved to the community property state of Agat, Guam where he still resides.

11. In late September 2017, upon learning that Dille had stolen his Social Security retirement benefits, Sanders filed a Petition for divorce from her in the Superior Court of Guam, case number DM054-17 on the grounds of Defendant Dille's extreme cruelty and fraud.

12. In the Complaint for Divorce, Sanders asked the Guam Court to set aside to him as his sole and separate property the properties he acquired before the marriage, namely, the real properties located at 206 East 66th Street, Kansas City, Missouri, and at 2417 Graham Avenue, Redondo Beach, California.

13. In the Complaint for Divorce, the real properties acquired during the marriage include the properties at 4933 and 4937 Westwood Road, Kansas City, Missouri 64112, and

4605 Liberty Street, Kansas City, Missouri 64112.

14. In the Complaint for Divorce, Sanders also requested that the court set aside to Sanders as his sole and separate property all property acquired during the marriage, free of all encumbrances thereon, including community property of which Sanders was not aware at the time of the decree.

15. On or about December 27, 2017, the Guam Superior Court granted Sanders an interlocutory decree of divorce.

16. The Guam interlocutory decree of divorce became final, but not filed of record until January 4, 2018.

17. Community property of which Sanders was not aware included the real property at 781 NW 1621st Road, Bates City, Missouri; and Lots 117 and 119 of the Oakshire 3rd Plat, in Johnson County, Missouri, all of which were acquired while Sanders and Dille were married.

18. Dille acquired Lot 120 of the Oakshire 3rd Plat, in Johnson County, Missouri after the parties' divorce.

*Dille's Alter-Ego Entities*

**The Alliance of Divine Love – Chapel 1202, Inc.**

19. The ADL 1202 purports to be a Missouri non-profit corporation for which Dille is the sole shareholder.

20. ADL 1202 was formed on February 29, 2012 by Dille and administratively dissolved by the Missouri Secretary of State on December 18, 2013.

21. Dille opened a bank account at the United Missouri Bank ("UMB") in Kansas City, Missouri in ADL 1202's name in or about 2014, and is the sole signatory on the UMB account which she uses for personal and alleged business-related transactions.

22. ADL 1202 is an alter ego of Dille, and since at least 2015, Dille has used the UMB bank account held in the name of ADL 1202 for substantially all of her banking transactions, both personal and allegedly business related.

**Dille Family Revocable Trust ("DFRT")**

23. DFRT dated October 30, 2008 was created by Dille's mother Catherine Jane Dille, who was the grantor.

24. DFRT specifies that it is a spend-thrift trust for the benefit of the grantor, Dille, and her brother Defendant Chris Dille.

25. The DFRT specifies that the only property in the trust was 4605 Liberty Street, Kansas City, Missouri 64112 ("4605 Liberty").

26. Article III of the DFRT provides that the Trustee was to distribute all property of the trust upon the death of Catherine Dille.

27. The DFRT contained a spendthrift provision in Article IV, paragraph B.

28. Catherine Dille died May 17, 2011 and the only real property in the trust was 4605 Liberty.

29. No provision of DFRT appears to permit the trust to acquire additional real property after the death of the grantor and the DFRT is not a valid trust.

**The Green People, Ltd.**

30. The Green People, Ltd. was organized in Missouri on July 28, 2000.

31. Dille filed an annual registration report for The Green People, Ltd. in 2001 through 2005 and again on March 6, 2007.

32. Because Dille did not file an annual report since 2007, Dille filed an Application for Reinstatement for the Green People Ltd. (charter #00486215) stating that the corporation was

dissolved on April 17, 2008 because she failed to file an annual registration report. A certificate of rescission was entered by the secretary of state on October 26, 2015.

33. On August 8, 2013, Dille once again incorporated "The Green People Ltd" and was given a different charter number of #01333582 for the corporate purpose of "Environmental and Cultural Consulting Around the World." Nothing has been filed with the Missouri Secretary of State since 2013 and The Green People Ltd. has been administratively dissolved.

34. While in Indonesia, Dille told Sanders that a tree fell on the 206 E. 66th St. home and he lost the house because she failed to pay for homeowners insurance and it was lost to a law firm.

35. Sanders was then fraudulently induced to quitclaim the 206 E. 66th St. house to "The Green People Ltd." on April 2, 2013 when in Indonesia.

36. When Sanders quitclaimed the 206 E. 66th St. house to The Green People Ltd. it was not a viable entity and could not accept the house.

37. The Green People Ltd. then transferred 206 E. 66th St. to DFRT on December 11, 2014 but lacked the corporate authority to convey the house.

38. Sanders thus still owns the 206 E. 66th St. house as none of Dille's transfers were valid.

39. ADL 1202, DFRT, and The Green People, Ltd. are all alter-egos of Dille.

*Transfer of the California Property and Sale Proceeds*

40. The Trustee has claimed Property of Dille's Estates that was acquired through the sale proceeds of Sanders' Redondo Beach house.

41. Sanders acquired sole ownership of real estate of the Redondo Beach house prior to his marriage with Dille in 1988.

8

42. Because Sanders was out of the country in November 2009, Dille handled all transactions, mortgage payments, and real estate taxes for Sanders for which he provided money to her to do so.

43. On or about October 28, 2015, Dille prepared and forged Sanders' signature on a document entitled "Special Power of Attorney" ("POA") that was signed in Kansas City, Missouri.

44. Sanders was not in Kansas City, Missouri when the POA was signed and was in Indonesia.

45. The POA granted Dille authority as Sanders' alleged attorney-in-fact to dispose of the Redondo Beach house, to refinance and even sell it.

46. At some point in time, Dille pulled $40,000 out of a home equity line of credit on the Redondo Beach house without Sanders' knowledge.

47. Dille sold the Redondo Beach house for $725,000 on or about August 10, 2016 without Sanders' knowledge.

48. On August 10, 2016, Dille received a wire transfer to the ADL 1202 account at UMB for approximately $355,525.12 from the sale of the California property.

49. Between August 12, 2016 and August 16, 2016, Dille withdrew the sum of $30,000 in cash from the ADL 1202 account at UMB.

50. On or about September 21, 2016, Dille received a wire transfer into the ADL account at UMB in the amount of $27,346.78.

51. Upon information and belief, these funds resulted from the final settlement of the escrow related to the sale of the Redondo Beach house.

52. On October 11, 2016, Dille withdrew $250,000.00 in cash from the ADL account at UMB.

53. In sworn testimony, Dille stated that she placed the $250,000.00 of the proceeds from the Redondo Beach house in a freezer located at 22nd Street and Brooklyn in Kansas City, Missouri, the temporary location for ADL 1202, where it remained until May 2017.

54. Sanders did not learn about Dille's failure to make mortgage payments, the forged POA, the sale of his Redondo Beach house until late 2018 via the internet.

55. Sanders did not learn about Dille's receipt and disposition of the sale proceeds until in bankruptcy filings in 2020.

56. Sanders did not sign the POA, or authorize Defendant Dille to sell the Redondo Beach house and did not receive its sale proceeds.

**4937 Westwood Road, Kansas City, Missouri**

57. The Trustee has claimed for the Estate the real estate at 4937 Westwood Road, Kansas City, Missouri 64112 ("4937 Westwood"), and filed a Notice of Interest of Bankruptcy Estate with the Jackson County, Missouri Recorder of Deeds on October 15, 2020.

58. For many years, Dille has owned at least a one-half (1/2) interest in this property and obtained 4937 Westwood in 1980, prior to her marriage with Sanders.

59. Dille purported to transfer 4937 Westwood to the DFRT by Quit Claim Deed dated October 20, 2014, and which was recorded by the Jackson County Recorder of Deeds the same day as document 2014E0087203.

60. This property is more particularly described as follows:

> Lot 44, Wiedemann Park, a subdivision in Kansas City, Jackson County, Missouri.

61. A receiver was appointed to take control of 4937 Westwood to remove nuisances that Dille created in 2015.

62. Dille redeemed the 4937 Westwood property by paying the costs of the abatement and receivership action at a cost of approximately $144,000.00.

63. Dille paid approximately $85,000.00 in cash towards the redemption for the 4937 Westwood Property from the cash located in the freezer at 22nd and Brooklyn, Kansas City, Missouri that represented traceable proceeds from the sale of Sanders' Redondo Beach house.

64. To finance the remainder of the redemption for the 4937 Westwood property, Dille obtained a loan from Sasha Investments, Inc. for $101,000.00.

65. As collateral for the $101,000.00 loan, Defendant Dille executed a Deed of Trust in favor of Defendant Sasha Investments on the 4937 Westwood property and for the property described as Lot 117 in Oakshire, 3rd Plat in Johnson County, Missouri.

66. The January 4, 2018 Guam final divorce decree determined all property not specifically named and set aside to Sanders was community property acquired during the marriage, with Dille ordered to pay all debt.

67. The Divorce Decree set the 4937 Westwood property aside as Sanders' separate property, free of all encumbrances which Dille was ordered to pay.

### 206 East 66th Street, Kansas City, Missouri

68. The Trustee has claimed for the Estate the real estate at 206 East 66th Street, Kansas City, Missouri 64113 ("206 E. 66 St.") and filed a Notice of Interest of Bankruptcy Estate with the Jackson County, Missouri Recorder of Deeds on October 15, 2020.

69. Dille has never been a lawful owner of this property.

70. This property is more particularly described as follows:

> Lot 13, and the West 10 feet of Lot 14, Block 23, ARMOUR
> HILLS, a subdivision in Kansas City, Jackson County,
> Missouri, and more commonly known as 206 East 66th, Kansas
> City, Missouri.

71. On or about August 12, 1980, Sanders' first wife Marvis Cates transferred this property to Sanders in their divorce by Quitclaim Deed.

72. As alleged above, Sanders transferred 206 E. 66th St via Quitclaim deed to The Green People Ltd. which was unable to accept 206 E. 66th St. because it was not a viable entity at the time of the transfer.

73. On or about December 11, 2014, Dille as the sole shareholder of The Green People, Ltd., transferred this property to DFRT by Quit Claim Deed but DFRT is the alter ego of Dille.

74. The January 4, 2018 Guam final divorce decree specifically aside this property as Sanders' sole property, free of all indebtedness thereon.

**Lot 117, Oakshire 3rd Plat, Johnson County, Missouri**

75. Trustee has claimed for the Estate the real estate at Lot 117 ("Lot 117"), Johnson County, Missouri, and filed a Notice of Interest of Bankruptcy Estate with the Johnson County, Missouri Recorder of Deeds on October 15, 2020.

76. On September 30, 2016, ADL 1202 purchased Lot 117 in Oakshire, 3rd Plat in Johnson County, Missouri ("Lot 117") for approximately $43,000.00.

77. This property is more particularly described as:

> Lot 117 IN OAKSHIRE, 3RD PLAT, AS SHOWN BY THE PLAT
> FILED IN PLAT BOOK 11, AT PAGES 46-49, JOHNSON
> COUNTY, MISSOURI.

78. Lot 117 consists of 3.11 acres of undeveloped land.

79. On or about September 30, 2016, the Bree Family Living Trust Trustees transferred Lot 117 to Dille by Trustees' Warranty Deed.

80. On or about September 10, 2018, Defendant Sasha Investments, LLC and Dille transferred this property to Dille by Appointment.

81. The funds for Dille's purchase of Lot 117 were withdrawn from the ADL 1202 account at UMB.

82. The source of the funds for the purchase of Lot 117 was from the sale of Sanders Redondo Beach house deposited in Dille's ADL account at UMB.

83. Further, on June 20, 2017, Dille granted a Deed of Trust to Defendant Sasha Investments for Lot 117 to partially secure her loan for $101,000.

**Lots 119 and 120, Oakshire 3rd Plat, Johnson County, Missouri**

84. Trustee has claimed for the Estate the real estate at Lot 119 and Lot 120, in Oakshire, Johnson County, Missouri ("Lots 119 and 120"), Johnson County, Missouri, and filed a Notice of Interest of Bankruptcy Estate with the Jackson County, Missouri Recorder of Deeds on October 15, 2020.

85. Lot 119 consists of 3.11 acres of unimproved property, and is more particularly described as follows:

> Lot 119 in OAKSHIRE, 3RD PLAT, as shown by the plat filed in
> Plat Book 11, at Pages 46-49; in Johnson County Missouri,
> according to the recorded plat thereof.

86. On or about May 17, 2017, Alan J. Branhagen transferred Lot 119 to Dille by Warranty Deed.

87. On or about July 7, 2017, Dille transferred Lot 119 this property to ADL 1202, a defunct Missouri corporation.

88. Dille claims ownership in Lot 119 as sole shareholder of ADL 1202 and Dille's statement that ADL 1202 is an owner of the property along with her is false.

89. On May 18, 2017, Dille purchased Lots 119 and 120 in a single transaction for the price of $330,000.

90. Dille tendered $180,000.00 of the purchase price with the cash then located in the freezer at 22nd and Brooklyn, which had been withdrawn from the ADL 1202 account at UMB in August 2016.

91. The $180,000.00 in cash was traceable as proceeds of the sale of the Redondo Beach house.

92. Dille financed the remaining $150,000.00 with a purchase-money loan from Defendant Sasha Investments, which loan is secured by a Deed of Trust on Lots 119 and 120.

93. Dille and Sanders were still married when this Deed of Trust was signed by Dille.

94. Dille is listed as the grantor on the Deed of Trust.

## QUIET TITLE

95. Sanders repeats and realleges the allegations contained above in all prior paragraphs, as though fully set forth at length.

96. Sanders requests that the Court find that he has title to 206 E. 66th Street over Trustee.

WHEREFORE, Gerald Sanders respectfully requests that this Court enter judgment finding that Sanders is the fee simple owner of 206 E. 66th Street and granting such other and further relief as the Court deems just and equitable.

## CONSTRUCTIVE TRUST

97. Sanders repeats and realleges the allegations contained above in all prior paragraphs, as though fully set forth at length.

98. Dille used money she stole from the proceeds of Sanders' Redondo Beach house to purchase 4937 Westwood, 781 NW 1621, and Lot 117.

99. Dille used money from Sanders' home equity line of credit to purchase 4933 Westwood.

100. Sanders thus has a right, title or interest in 4937 Westwood, 781 NW 1621, Lot 117, and 4933 Westwood and has been deprived of his right, title or interest in these three properties.

101. Sanders would suffer from some demonstrable injustice or unfairness, arising from Dille's fraud, if others take any interest in these properties above him.

102. Sasha Investments and other unsecured creditors of Dille would be unjustly enriched absent imposition of the trust and subsequent requirement to convey the res to Sanders.

103. Sanders requests that the Court find that he has a constructive trust and an interest above Sasha Investments, LLC and all other unsecured creditors involving 4937 Westwood, 781 NW 1621, Lot 117, and 4933 Westwood.

WHEREFORE, Gerald Sanders respectfully requests that this Court enter judgment finding that Sanders has a constructive trust interest in 4937 Westwood, Lot 117, 781 NW 1621, 4933 Westwood and granting such other and further relief as the Court deems just and equitable.

Dated: December 28, 2020

Respectfully submitted,

By:/s/ *Paul D. Sinclair*
    PAUL D. SINCLAIR (MO #26732)
    **Cowing & Mendelson, P.C.**
    4951 NE Goodview Circle, Suite B
    Lee's Summit, MO 64064
    816.373.8881
    Fax: 816.373.8876
    paulsinclair219@gmail.com

    */s/ Michael S. Foster*
    MICHAEL S. FOSTER (MO #61205)
    **FOSTER WALLACE, LLC**
    1501 Westport Road
    Kansas City, Missouri 64111
    (816) 249-2101
    (816) 249-2170 (FAX)
    michael@fosterwallace.com


ATTORNEYS FOR GERALD SANDERS

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically using PACER which gave notice to all counsel of record on this 28th day of December, 2020 and electronically mailed the foregoing to:

Victor F. Weber
Merrick, Baker & Strauss, P.C.
1044 Main Street, Suite 500
Kansas City, MO 64105

Christine L. Schlomann
Hunter Law Group, P.A.
1900 W. 75th Street, Suite 120
Prairie Village, KS 66208

                                              */s/ Paul D. Sinclair*
                                              Attorney for Gerald Sanders